IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATHAS HEALTH LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-300-L |
| | § | |
| CARMELO JOHN GIUFFRE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Carmelo John Giuffre filed a motion to dismiss, *see* Dkt. No. 13, which United States District Judge Sam A. Lindsay referred to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b), *see* Dkt. No. 15.

For the following reasons, Mr. Giuffre's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 13] should be denied.

**Background**

On February 21, 2014, Carmelo John Giuffre underwent spinal surgery. Prior to surgery, Mr. Giuffre contracted with Athas Health, LLC ("Athas") in a Health Insurance Information and Financial Agreement ("the Agreement"), which stated that Athas would provide certain administrative services on behalf of the medical practice performing Mr. Giuffre's procedure. The Agreement contained an arbitration clause providing that Mr. Giuffre agreed to arbitrate, in Dallas, Texas "any other cause of action relating to or arising out of the services provided by Athas, or its affiliates,

relating to [his] medical treatment." Dkt. No. 1-1 at 2 of 13.

Dissatisfied with the results of his surgical procedure, Mr. Giuffre initiated a lawsuit in the Superior Court of New Jersey against the medical staff and practices involved in his surgery, including Athas. Athas removed the case to United States District Court for the District of New Jersey and, based on its arbitration agreement with Mr. Giuffre, filed a Motion to Stay Proceedings and Discovery. United States Magistrate Judge Leda Dunn granted the motion, pending resolution of the motion to compel arbitration that Athas intended to file in the United States District Court for the Northern District of Texas.

Athas then filed its Original Verified Complaint to Compel Arbitration in this Court on February 1, 2017, seeking to compel arbitration under the Federal Arbitration Act, 9. U.S.C. § 4, of Mr. Giuffre's claims against Athas.

Mr. Giuffre filed his Motion to Dismiss Plaintiff's Complaint, in which he argues that Athas failed to state a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) because the Agreement between Mr. Giuffre and Athas, which contains the arbitration clause at issue, was terminated before Athas sought to compel arbitration. Mr. Giuffre points to what he calls the "termination clause" of the Agreement: "This Authorization will expire one year from the date of patient's signature...." Dkt. No. 13 at 5 of 16. Mr. Giuffre further notes that, "in the location where plaintiff was required to put his electronic signature, it states 'by checking this box I <u>authorize</u> the use of my electronic signature.' This sentence is placed immediately below the above-referenced termination clause." According to Mr. Giuffre, the

arbitration clause thus expired on February 19, 2015, and Athas can no longer compel arbitration.

Athas argues that the one-year provision that Mr. Giuffre calls a termination clause "applies only to the period Athas was permitted to utilize or disseminate Giuffre's medical records in performing its services on behalf of Giuffre." Dkt. No. 16 at 4. In support of its position, Athas points to the paragraph immediately preceding the alleged termination clause. Set apart from the Agreement and in a different typeface, the paragraph starts: "I understand that my records are confidential and may not be disclosed without my written authorization, except when otherwise permitted by law. I understand that this Authorization is voluntary and I may refuse to sign it." Athas further points out that the Agreement repeatedly refers to itself as the "agreement," in contrast to the medical records authorization.

In the alternative, Athas contends that, even if the Court were to find that the Agreement was terminated before Athas's action to compel arbitration, the Agreement did not expire prior to Mr. Giuffre's February 21, 2014 medical procedure. Athas explains that, because the Agreement was in effect during Mr. Giuffre's surgery, the Agreement's arbitration clause still governs Mr. Giuffre's claims against Athas that stem from his medical procedure and arise under the Agreement.

In his reply. Mr. Giuffre raises – for the first time in this Court – an issue of unconscionability, arguing in the alternative that, even if the Agreement were in effect when Mr. Giuffre underwent surgery, the arbitration clause is both procedurally and substantively unconscionable and thus invalid.

**Legal Standards**

I. <u>Rule 12(b)(6) Standard</u>

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6)

context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice").

II. <u>The Federal Arbitration Act</u>

The Federal Arbitration Act ("FAA") embodies a national policy favoring arbitration agreements. *See Municipal Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986) (citing *Southland Corp. v. Keating*, 465 U.S. 1 (1984), Section 2 of the FAA provides that

> [a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "The FAA reflects the fundamental principle that arbitration is a matter of contract," *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010), and courts are generally required to enforce arbitration agreements according to their terms, *see id.* at 67.

Under Section 4 of the FAA, "a party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Id.* (quoting 9 U.S.C. § 4). The court must order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

The arbitration clause at issue here specifically invokes the FAA. *See* Dkt. No. 1-1 at 2 of 13.

Courts in the Fifth Circuit employ a two-step inquiry when deciding whether to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). First, a court must determine whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). Second, a court must evaluate whether any legal restraints external to the agreement foreclose arbitration of the dispute. *See OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam).

## Analysis

The Court's first step is to determine whether the parties agreed to arbitrate the dispute at issue by considering whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. *See Webb*, 89 F.3d at 258. The parties in this case dispute whether they intended to arbitrate Mr. Giuffre's claims after February 19, 2015, when Mr. Giuffre argues the Agreement expired.

Where a contract containing an agreement to arbitrate has expired, the United States Supreme Court has "found a presumption in favor of postexpiration arbitration of matters unless 'negated expressly or by clear implication.'" *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991). "The *Nolde Brothers* presumption is limited to disputes arising under the contract." *Id.* at 205.

A postexpiration grievance arises under the contract in three contexts: (1) "where it involves facts and occurrences that arose before expiration," (2) "where an action taken after expiration infringes a right that accrued or vested under the agreement, or" (3) "where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Id.* at 206.

The second step in the Court's analysis is to determine whether any legal restraints external to the agreement foreclose arbitration of the claims at issue. *See OPE Int'l LP*, 258 F.3d at 445-46. Like contracts, arbitration agreements may be invalidated by applicable legal defenses like fraud, duress, or unconscionability. *See Rent-A-Center*, 561 U.S. at 68. Here, Mr. Giuffre asserts for the first time in his reply that the Agreement is unconscionable.

Athas's claim to compel arbitration should not be dismissed, because it has successfully stated a plausible claim to relief under the FAA.

In his brief supporting his Motion to Dismiss, Mr. Giuffre's sole argument is that Athas's claim fails because the Agreement expired before Athas sought to compel arbitration. In response, Athas maintains, first, that the termination clause, as Mr. Giufre calls it, applies to neither the arbitration clause nor the Agreement as a whole and, second, that, even if the Agreement expired before Athas sought to compel arbitration, Athas may nonetheless compel arbitration of Mr. Giuffre's claims that arise under the Agreement.

Because the Court should accept Athas's second argument, it need not address

the parties' differences in contract interpretation.

The *Nolde Brothers* presumption permits Athas to compel postexpiration arbitration of matters arising under the Agreement. And Mr. Giuffre's claims against Athas arise under the Agreement, because they "involves facts and occurrences that arose before expiration." *Litton*, 501 U.S. at 206. As Athas points out, each of Mr. Giuffre's claims against Athas centers on Athas's involvment in Mr. Giuffre's February 21, 2014 surgery, *see* Dkt. No. 1-2 at 3-5 of 25, and the parties agree that the Agreement was in effect on that date.

Athas may thus compel Mr. Giuffre to arbitrate his claims against Athas, even if the Agreement expired before Athas sought to do so.

Without addressing whether, under *Litton*, his claims against Athas arise under the Agreement, Mr. Giuffre argues in his reply that, "[a]ssuming arguendo that the arbitration clause was in effect at the time of Mr. Giuffre's surgery," the Agreement, including its arbitration clause, is invalid as unconscionable. Dkt. No. 17 at 3.

But Mr. Giuffre presents the unconscionability issue only in his reply. And a court generally will not consider arguments raised for the first time in a reply brief. *See Cavazos v. JP Morgan Chase Bank, N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'[a]rguments raised for the first time in a reply brief, even by pro se litigants ... are waived'" (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)) (omission in original)); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments raised in reply brief); *Mid-*

*Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n. 4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply"). *See generally Penn. Gen. Ins. Co. v. Story*, No. 3:03-cv-330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) ("The purpose of a reply brief under local rule 7.1(f), 'is to rebut the nonmovant[s'] response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'").

The Court therefore should not consider Mr. Giuffre's argument regarding the Agreement's unconscionability. *Accord Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 916 n.6 (N.D. Tex. 2015).

Because Athas is permitted to compel arbitration of Mr. Giuffre's claims arising under the Agreement – regardless of when, after Mr. Giuffre's surgery, it expired – the undersigned concludes that Athas has stated a plausible claim to relief under the FAA and that Mr. Giufre's Motion to Dismiss should be denied.

**Recommendation**

The Court should deny Defendant Carmelo John Giuffre's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE