IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ATHAS HEALTH, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-300-L-BN** |
| | § | |
| **CARMELO JOHN GIUFFRE,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Athas Health, LLC d/b/a North American Spine's ("Athas" or "Plaintiff") Request to Compel Arbitration (Doc. 25), filed January 30, 2018; and Defendant Carmelo John Giuffre's Motion to Dismiss (Doc. 13), filed June 8, 2017. On October 12, 2017, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Defendant Carmelo John Giuffre's Motion to Dismiss (Doc. 13) because Plaintiff was entitled to compel arbitration under the Federal Arbitration Act ("FAA"). The magistrate judge did not consider the unconscionability argument by Defendant Carmelo John Giuffre ("Giuffre" or "Defendant") that was raised for the first time in his reply brief and recommends that the court not consider this argument in ruling on his Motion to Dismiss.

Giuffre filed objections to the Report on November 7, 2017 (Doc. 21), to which Athas responded on November 28, 2017 (Doc. 22). On December 8, 2017, Giuffre filed a reply (Doc. 23)

**Memorandum Opinion and Order – Page 1**

in support of his objections to the Report without seeking or obtaining leave of court as required by the court's Order of Reference (Doc. 15). The court, therefore, does not consider the reply brief filed in support of Giuffre's objections (Doc. 23) in ruling on the parties' requests for relief or the Report.

In his motion and objections, Giuffre contends that the expiration of the parties' Financial Agreement renders the arbitration provision included in the Financial Agreement unenforceable. In addition, Giuffre argued for the first time in his reply in support of the Motion to Dismiss that the "Financial Agreement is unconscionable thus rendering [it and] the arbitration clause contained within unenforceable." Def.'s Reply 3-6. Giuffre contends in his objections that the magistrate judge erred in not considering the unconscionability argument raised for the first time in his reply to the Motion to Dismiss because: (1) the magistrate judge had the ability to and was obligated to address the issue of unconscionability; (2) consideration of the issue of unconscionability did not require the magistrate judge to consider new evidence; and (3) Giuffre met his burden of establishing that the Financial Agreement containing the arbitration provision is unconscionable, regardless of whether the court applies New Jersey or Texas law. Giuffre contends that, even if Athas were prejudiced by its inability to respond to his unconscionability argument that was raised for the first time in his reply to the Motion to Dismiss, such prejudice could be cured by allowing Athas to file a surreply.

Athas responds that the magistrate judge correctly determined that the arbitration provision is enforceable and correctly declined to consider the new unconscionability argument raised by Giuffre for the first time in his reply to the Motion to Dismiss. Athas asserts that Giuffre's argument that Athas will not be prejudiced if allowed to brief the issue is not a compelling justification to absolve Giuffre's failure to raise and brief the issue in his Motion to Dismiss. Athas further asserts that, even if the court decides to reject the magistrate judge's recommendation to not address

Giuffre's new unconscionability argument, the argument fails on the merits because the arbitration agreement is not procedurally or substantively unconscionable under Texas law.

On January 29, 2018, the court ordered Athas to file an amended complaint by February 5, 2018, that lists or states the citizenship of all of its members to show that complete diversity exists, as no other basis for subject matter jurisdiction was alleged. On January 30, 2018, Athas amended its pleadings as directed, and the amended pleading filed by Athas cures the deficiencies noted in the court's prior order. The court determines that diversity of citizenship exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court has subject matter jurisdiction over this action.

The only relief sought by Athas in its Original Verified Complaint to Compel Arbitration and its First Amended Verified Complaint to Compel Arbitration is its request to compel arbitration pursuant to 9 U.S.C. § 4.[1] In his motion to dismiss, Defendant contends that Athas's request to

---

[1] The FAA does not independently create subject matter jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 59. As a result, there must be an independent basis for jurisdiction:

> The [FAA] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28. U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) (internal citations omitted). As the court has subject matter jurisdiction over this action based on diversity, and it would have jurisdiction based on diversity over a suit on the underlying dispute between Giuffre and Athas, it has authority under section 4 of the FAA to enter an order compelling arbitration of Giuffre's claims against Athas, even though Athas seeks to compel arbitration of the claims that Giuffre brought against it in federal court in New Jersey. In related civil action, *Giuffre v. North American Spine, LLC, et al.*, No. 16-01641 (MCA-LDW), pending in the United States District Court for the District of New Jersey, Athas argued, and the New Jersey court agreed that, this court was the proper court to rule on Athas's Motion to Compel and the related issue of the arbitrability of the claims between Giuffre and Athas, and, therefore, stayed the New Jersey action pending a ruling by this court on Athas's Motion to Compel. The New Jersey court further noted that, if "the Northern District of Texas compels Plaintiff [Giuffre] and Athas to arbitrate, it is clear that a § 3 stay of Plaintiff's claims against Athas [in the New Jersey action] would be justified." Def.'s Motion to Dismiss (Ex. 6 at 4 n.3) (Doc. 13-7).

**Memorandum Opinion and Order – Page 3**

compel arbitration pursuant to 9 U.S.C. § 4 should be denied because the agreement that includes the arbitration clause is invalid. As the basis for Defendant's motion to dismiss is in essence a response to Athas's request to compel arbitration, the court construes it as a response to Athas's request to compel arbitration, although presented in the form of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the verified pleadings, motion, briefs, file, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them, **as supplemented by this opinion**, as those of the court.

The magistrate judge correctly determined that Defendant's Motion to Dismiss should be denied, and Athas is entitled to enforce the arbitration provision contained in the Financial Agreement and compel arbitration of Giuffre's claims that arise under the Financial Agreement. In determining that expiration of the Financial Agreement did not affect the arbitrability of claims subject to arbitration under the arbitration clause, the magistrate judge noted that the United States Supreme Court has previously "found a presumption in favor of postexpiration arbitration of matters unless negated expressly or by clear implication," but this presumption is limited to "matters and disputes arising out of the relation governed by the contract." Report 8 (quoting *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991) (internal quotation marks omitted). The magistrate judge found that this presumption applies to the parties' arbitration agreement and permits Athas to enforce the arbitration agreement and compel postexpiration arbitration of the parties' disputes that arise under the Financial Agreement because Giuffre's claims against Athas pertain to injury allegedly sustained by Giuffre during a February 21, 2014 surgery, when the Financial Agreement was still in

effect. The court agrees with this reasoning by the magistrate judge, as it comports with the following reasoning in *Litton*:

> A postexpiration grievance can be said to arise under the contract only whe[n] it involves facts and occurrences that arose before expiration, whe[n] an action taken after expiration infringes a right that accrued or vested under the agreement, or whe[n], under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement.

*Id.* at 205-06. Thus, any claims by Giuffre against Athas Health, LLC d/b/a North American Spine that arise under the Financial Agreement and pertain to the injury allegedly sustained by him in the February 21, 2014 surgery, when the Financial Agreement was still in effect, must be arbitrated.

Moreover, even if the court considered the new arguments asserted by Giuffre for the first time in his reply to his motion to dismiss, it concludes that his challenges to the Financial Agreement, based on the expiration and the alleged unconscionability of the Financial Agreement, do not prevent enforcement of the arbitration provision, which is governed by the FAA, because "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). This is because, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Id.* (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)). Thus, regardless of whether a contract as a whole is valid or enforceable, an agreement to arbitrate is severable from the contract in which it is contained and may be separately enforced and its validity separately determined. *Rent–A–Center, W., Inc.*, 561 U.S. at 70.

It is also well-established that challenges to the validity or enforceability of a contract must be decided by the arbitrator, not the court, when the challenge is directed to the contract as a whole

or another provision of the contract rather than the arbitration clause itself. *Lefoldt for Natchez Reg'l Med. Ctr. Liquidation Trust v. Horne, L.L.P.*, 853 F.3d 804, 815 (5th Cir. 2017) (citations omitted). "It is only when the challenge is to the arbitration clause itself that the court, rather than an arbitrator, decides whether the arbitration agreement, as distinct from the contract in which it appears, is valid, irrevocable, or enforceable." *Id.* at 815-16 (citing and quoting *Buckeye Check Cashing*, 546 U.S. at 445-46). These principles were first enunciated in *Prima Paint Corp. v. Flood & Conklin Manufacturing Company*, 388 U.S. 395 (1967), and were further elucidated by the Supreme Court's opinions in *Buckeye Check Cashing, Inc. v. Cardegna* and *Rent–A–Center, W., Inc. v. Jackson*. *See Lefoldt*, 853 F.3d at 814-16 (discussing Supreme Court holdings).

The crux of Giuffre's argument here is that the Financial Agreement as a whole, including its arbitration provision, is unenforceable because: (1) the Financial Agreement terminated before Athas sought to enforce the arbitration provision; and (2) the Financial Agreement is unfair and, thus, unconscionable. Because Giuffre's argument regarding the unenforceability of the arbitration provision is premised on his contention that the Financial Agreement as a whole is unenforceable, his challenge to the validity or enforceability of the Financial Agreement, including its arbitration provision, must be left to arbitrator to decide. *See Buckeye Check Cashing*, 546 U.S. at 444-45. This is so even though Giuffre contends that the termination provision in the Financial Agreement or the alleged unconscionability of the Financial Agreement rendered the arbitration provision in that agreement similarly unenforceable because his challenge is not directed specifically to the agreement to arbitrate and is, instead, contingent on a ruling that the Financial Agreement is unenforceable. *See Lefoldt*, 853 F.3d at 815 (citing and quoting *Rent–A–Center*, 561 U.S. at 70-71; *Buckeye Check*

*Cashing*, 546 U.S. at 444-46; and *Prima Paint*, 388 U.S. at 403-04).[2] Thus, regardless of whether Giuffre's challenge to Athas's request to compel arbitration is based on expiration of the Financial Agreement or the alleged unconscionability of the Financial Agreement, the challenge fails because it is not, in actuality, a challenge directed specifically to the parties' agreement to arbitrate. *See Lefoldt*, 853 F.3d at 817.

Additionally, the parties' intent, as expressed in the arbitration agreement, does not indicate an intention to withhold from arbitration these issues or other matters regarding the parties' contractual rights. Any issues regarding the scope of the arbitration clause are, therefore, a matter for the arbitrator to decide. *Rent–A–Center*, 561 U.S. at 71-72. Thus, as Giuffre has not challenged the arbitration provision specifically, the court must treat it as valid under section 2 of the FAA and enforce it under sections 3 and 4 of the FAA, and it leaves any challenge to the validity of the Financial Agreement as a whole for the arbitrator. *Id.*

As noted by the magistrate judge, section 3 of the FAA provides for a stay pending arbitration; however, when all claims are subject to arbitration, the court, in its discretion, may dismiss the action with prejudice. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th

---

[2] The court in *Lefoldt* used examples provided by the Supreme Court in *Buckeye Check Cashing* and *Rent–A–Center* in explaining the court's and arbitrator's roles:

> The Court has given examples. "[I]n an employment contract many elements of alleged unconscionability applicable to the entire contract (outrageously low wages, for example) would not affect the agreement to arbitrate alone." "But even where that is not the case—as in *Prima Paint* itself, where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene." The Court similarly explained in *Buckeye Check Cashing* that "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." That is a matter for the arbitrator.

*Lefoldt*, 853 F.3d at 815 (citations and internal footnotes omitted).

**Memorandum Opinion and Order – Page 7**

Cir. 1992) (citations omitted). The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA. *Id.* (citation omitted). As the court has determined that Giuffre's claims and challenges to the Financial Agreement are subject to arbitration and should be arbitrated, the court determines that there is no reason for it to retain jurisdiction over the action. Moreover, neither party has provided any reasons justifying the court's retention of jurisdiction of the action.

For the reasons stated, the court **accepts**, as those of the court, the findings and conclusions of the magistrate judge, **as supplemented by this opinion**; **overrules** Defendant's objections, **denies** Defendant Carmelo John Giuffre's Motion to Dismiss (Doc. 13); **grants** Plaintiff Athas Health, LLC's Request to Compel Arbitration (Doc. 25), and **dismisses with prejudice** this action. Accordingly, in accordance with the arbitration provision in the parties' Financial Agreement, Giuffre **shall arbitrate**: (1) his claims against Athas Health, LLC d/b/a North American Spine that arise under the Financial Agreement and pertain to the injury allegedly sustained by him in the February 21, 2014 surgery, when the Financial Agreement was still in effect; and (2) his challenges to the enforceability of the Financial Agreement containing the arbitration provision in question.

**It is so ordered** this 23rd day of February, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge